IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

RENNIE OKOH,
    Plaintiff,

v.   Civil Action No. 11-cv-01388-AW

COSTCO WHOLESALE CORPORATION,
    Defendant.

**Memorandum Opinion**

Currently pending before the Court in this negligence action are Defendant Costco Wholesale Corporation's Motion for Summary Judgment, Doc. 25, and Motion in Limine, Doc. 22. The Court has reviewed the entire record, including the pleadings and exhibits submitted by the Parties, and find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons articulated below, the Court will GRANT Defendant's Motion for Summary Judgment and DENY as moot Defendant's Motion in Limine.

    **I.**    **Factual and Procedural Background**

The following facts are either undisputed or construed in a light most favorable to Plaintiff. On July 9, 2010, Plaintiff entered Defendant's store in Gaithersburg, Maryland to purchase Sterno cooking fuel. Compl. ¶ 2; Pl.'s Dep. 34:9-17, Nov. 22, 2011. The store was crowded. *Id.* 57:19-58:1, 58:18-59:5. After conversing with another customer regarding the 24 Sterno cans in each package, Plaintiff decided to split the package with the unidentified customer since each of them did not require all 24 cans. *Id.* 34:14-22. After the unidentified customer paid for the Sterno and Plaintiff reimbursed her for half the cost, they carried the

1

package to a table in the snack bar area to split the cans. *Id.* at 36:13-20, 37:3-5. However, before they divided the cans, Plaintiff left the snack bar area to retrieve a box to carry her half of the cans. *Id.* at 37:13-16. Once she obtained a box, Plaintiff began walking back to the table. *Id.* at 40:3-5. However, as she neared the table, Plaintiff fell on the floor. *Id.* at 40:5-7. Plaintiff did not observe any water on the floor before falling; however, when she got up and checked to see what she had slipped on, she discovered a puddle of water on the ground. *Id.* at 61:14-16, 62:12-14. Plaintiff asserts that she doesn't know if any of the employees knew that there was water on the floor and that no one had warned her about the water. *Id.* at 62:1-9. The cleaning inspection logs suggest that the last walk-through inspection of the area occurred around forty-five minutes prior to the accident. On April 15, 2011, Plaintiff filed the instant negligence action against Defendant in the Circuit Court for Montgomery County, Maryland. Doc. 1. Defendant timely removed this action to this Court on May 23, 2011. On January 19, 2011, Defendant filed a Motion in Limine to exclude the testimony of a certain expert witness at trial, *see* Doc. 22, 23, and on February 3, 2012, Defendant filed a Motion for Summary Judgment. Because the Court finds that summary judgment in favor of Defendant is proper, the Court will not proceed to consider Defendant's trial-related Motion in Limine.

**II.    Standard of Review**

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight

to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**III. Analysis**

Under Maryland law, it has been established that "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs., Inc.*, 210 A.2d 724, 725 (Md. 1965). Despite a proprietor's duty to exercise ordinary care, he is not held to be an "insurer of the safety of his customers while they are on the premises[,] and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in the store." *Id.* The plaintiff has the burden of showing that the proprietor either produced the "dangerous condition or had actual or constructive knowledge of its existence, and that the knowledge was gained in sufficient time to give [it] the opportunity to remove it or to warn the invitee." *Id.* at 726; *Maans v. Giant of Maryland, L.L.C.*, 871 A.2d 627, 631 (Md. Ct. Spec. App. 2005). Additionally, the

plaintiff must also demonstrate that the defendant is liable for negligence and that the injuries the plaintiff sustained were a direct result of that negligence. *Moulden*, 210 A.2d at 725-26.

Defendant is liable in a slip-and-fall claim for physical harm only if it:

1. Knew, or through exercise of reasonable care would have discovered the condition and realized that it involved an unreasonable risk of harm to its invitees; and
2. Expected that they would not discover or realize the danger, or would fail to protect themselves against it; and
3. Failed to exercise reasonable care to protect them against that danger.

*Maans*, 871 A.2d at 631 (addressing the general duty of a proprietor to its invitees). When there is no evidence of a defendant's actual knowledge of the dangerous condition, the plaintiff must show that the condition existed for a sufficient time to establish constructive knowledge. *Joseph v. Bozzuto Mgmt. Co.*, 918 A.2d 1230, 1235-36 (Md. Ct. Spec. App. 2006). Such evidence, known as "time on the floor" evidence, is relevant to establish the level of care exercised by Defendant.

In the case at bar, Plaintiff failed to provide any evidence that Defendant either caused the water spill or had actual knowledge of the spill. Therefore, the Court must proceed by determining whether there is sufficient evidence to find that Defendant had constructive knowledge of the spill. In *Moulden*, the appellant brought a negligence action against a grocery store after sustaining injuries from slipping on a bean on the floor of the store. *Moulden*, 210 A.2d at 725. The court upheld the trial court's directed verdict in favor of the grocery store, finding that it would be unreasonable to hold that the grocery store to a duty to make continuous inspections. *Id.* at 726. Additionally, there had been no evidence in that case as to how long the bean had been on the floor, and the court found that and it would be unreasonable to infer that a sufficient amount of time had passed that the employees should have seen the bean in time to remove it or warn the appellant. *Id.*; *see also Nukuna v. Supervalu Retail Cos.*, No. JKS 10-3600, 2011 U.S. Dist. LEXIS 80046, at *6 (D. Md. July 22, 2011) (holding that plaintiff could

not establish constructive knowledge of a water spill where there was no evidence to determine how long the water had been on the floor of defendant's store).

Here, Plaintiff has not provided evidence that Defendant had constructive knowledge of the dangerous condition.  Plaintiff contends that since the floor was checked forty-five minutes prior to the fall and Plaintiff saw no customers at the table prior to her arrival, it could be reasonably inferred that the liquid had been on the floor for some time before she arrived. However, this argument amounts to mere speculation and does not raise a genuine issue of material fact sufficient to preclude summary judgment.  Plaintiff left the table to retrieve a box, and the fall occurred once she came back to the table.  It is just as possible as anything else that a passerby or someone at a nearby table spilled the water while Plaintiff was retrieving the box; the store was crowded, and the table was near a soda fountain.  There is no evidence here upon which the Court can infer that the water was on the ground for a sufficient amount of time that Defendant should have noticed it.  As in *Moulden*, it would be unreasonable for the Court to infer that the puddle had remained on the floor long enough that Defendant's employees had sufficient time to clean it up or forewarn customers.  Accordingly, the evidence is insufficient as a matter of law to establish that Defendant's negligence caused Plaintiff's fall.

**II.     Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted and Defendant's Motion in Limine will be denied as moot.  A separate order will follow.

|   April 6, 2012   | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
|  | United States District Judge |